U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED LAFAYETTE

SEP 10 2014

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Ovide Pellerin, Jr.                                    Civil Action NO. 13-00216

versus                                                 Judge Richard T. Haik, Sr.

Commissioner of Social Security                        Magistrate Judge C. Michael Hill

## JUDGMENT

This matter was referred to United States Magistrate Judge C. Michael Hill for Report and Recommendation. The Magistrate Judge recommended that the Commissioner's decision be affirmed and that Claimant's action be dismissed with prejudice. Claimant objects, requesting that the claim be remanded to the Administrative Law Judge ("ALJ") for a new hearing as to Step 4 and Step 5. Having considered Claimant's objections, the parties' briefs, the Magistrate Judge's Report and Recommendation, the record, and the applicable law, the Court will, for the reasons that follow, sustain Claimant's objections reject the Magistrate Judge's Report and Recommendation, reverse the ALJ's decision and remand the matter to the ALJ.

The Social Security Administration ("SSA") ALJ denied Claimant's application for benefits. The SSA has established a five-step sequential evaluation process to determine whether a claimant is eligible for benefits:

> i. The claimant must not be engaged in substantial gainful work activity ("SGA"), which is activity that involves physical or mental activities and typically is performed for pay or profit;
>
> ii. The impairment must be "severe," meaning that it significantly limits an individual's ability to perform basic work activities.
>
> iii. The claimant's impairment or impairments must meet or equal a medically equivalent impairment listed in 20 C.F.R. Part 404, Subpart P, Appx. 1;
>
> iv. The claimant must not have the residual functional capacity ("RFC") to perform the requirements of past relevant work;

> v. Once the claimant carries his burden in steps (i)-(iv), the SSA must establish that other SGA exists in the national economy that the claimant would be able to perform. If the defendant satisfies this requirement, then the burden returns to the claimant to prove that he does not have the requisite RFC to perform other work in the national economy

*Shave v. Apfel*, 238 F.3d 592, 594 (5th Cir.2001).

Claimant contends that in Step Four, the ALJ's hypothetical question to the Vocational Expert improperly included Claimant's vocational factors of age and education—"If I were to assume a claimant was 48 years of age, has 12 years of education...." At Step Four the ALJ's hypothetical question must be limited to an inquiry regarding the functional mental and physical demands of past relevant work and void of the vocational factors— age, education and work experience, which are used at "the more expansive and individualized Step Five analysis." *Barnhart v. Thomas,* 540 U.S. 20, 21 (2003). The Magistrate Judge directly addressed Claimant's contention in the Report and Recommendation and found that because the ALJ found that Claimant was not disabled in Step 4, there was actually no need for the vocational expert testimony. The ALJ, however, both sought and relied upon the Vocational Expert's testimony in response to the hypothetical he had posed in his Step four analysis.

Claimant further contends that the record does not contain any evidence that the Commissioner carried her Step five burden. The Court agrees. "[A]t step five the burden shifts to the Commissioner to show that there is other gainful employment the Claimant is capable of performing in spite of his existing impairments. If the Commissioner meets this burden, the Claimant must then prove he in fact cannot perform the alternate work." Step five expressly requires the need for "thoroughness in evaluation on an individualized basis." 20 C.F.R. § 416.920a(c)(1) ("Assessment of functional limitations is a complex and highly individualized process that requires us to consider multiple issues and all relevant evidence to obtain a longitudinal picture of your overall degree of functional limitation.").

Based on the foregoing, the Court concludes that this action should be remanded to the Administrative Law Judge to apply the correct legal standards at Step Four and Step Five. Accordingly,

**IT IS ORDERED** that the Magistrate Judge's Report and Recommendation is **NOT ADOPTED** by the Court and the Commissioner of Social Security's decision is **REVERSED** and **REMANDED** for proper determinations at Step 4 and Step 5.

**THUS DONE AND SIGNED** in Lafayette, Louisiana, this 8th day of September, 2014.

_____
RICHARD T. HAIK
UNITED STATES DISTRICT JUDGE